WILLIAM A. NISBETT, plaintiff in error, *vs.* WILLIAM J. CANTRELL, defendant in error.

1. Three things are necessary to maintain a bill for a new trial—ignorance of the defense at the time the judgment at law was rendered; diligence on the part of the complainant; and that adequate relief cannot be had at law.
2. A bill which seeks a new trial, on the ground of newly discovered evidence, should set out what testimony was offered on the former trial, so that the Court can determine whether the newly discovered evidence is cumulative or not, and also, whether the evidence, if let in, would vary the verdict.

Decision on demurrer to a bill in equity, made by Judge DAWSON A. WALKER, at the October Term, 1860, of Gordon Superior Court.

William A. Nisbett instituted his action of trespass, *quare clausum fregit*, against William J. Cantrell and John R. Taylor, returnable to the September Term, 1857, of Gordon Superior·Court, alleging, that in August, 1857, the defendant broke and entered his farm, demolished his fences, and carried away two hundred and fifty bushels of threshed wheat, and several stacks of unthreshed wheat, worth, in all, three hundred dollars, the property of the plaintiff, and did him other damage.

Nisbett *vs.* Cantrell.

Taylor died before the case was tried. Upon the trial of the case, at common law, a verdict was rendered in favor of plaintiff against the defendant, Cantrell, for $100 00. Cantrell entered an appeal to a special jury, and the cause was tried on the appeal at April Term, 1859, when a verdict was rendered in favor of the defendant.

The plaintiff made a motion for a new trial on the grounds: 1st. Because the verdict was contrary to the evidence in the case. 2d. Because the verdict was contrary to the weight of evidence. 3d. Because the Court erred in excluding the record of a trial in the Justice's Court, where the right of property was tried. 4th. Upon the ground of newly discovered evidence. The presiding Judge overruled the motion for a new trial, and his judgment was excepted to, and the case carried, by writ of error, to the Supreme Court, and by the decision of the Supreme Court, the judgment of the Court below was affirmed.

The plaintiff then filed his bill in equity, in Gordon Superior Court, alleging the foregoing facts, and also, that since the rendition of said judgments, he has ascertained and discovered new and material evidence, which, if it could be heard, would, and ought to, change the result of said trial on the appeal; that he has ascertained that he can prove by William A. Moore and H. M. Moore, of the State of South Corolina, that the wheat which was seized and taken by defendant, in 1857, was plaintiff's wheat, and that one of the said witnesses saw plaintiff sow it, or a part of it, and that he paid for cutting said wheat, and that the seed wheat by which the wheat in question was produced, was measured for plaintiff by one of said witnesses; that these witnesses resided in Gordon county at the time said case was tried, but were unfriendly to plaintiff at the time, and would not, and did not, disclose the facts, so that plaintiff could obtain the benefit of their testimony.

The prayer of the bill was, that the judgments against the plaintiff be set aside, and a new trial awarded in the case.

The defendant set up a demurrer to the bill on the ground, that the bill does not set out the pleadings and proceedings

in said case at common law, nor does it set out and specify the errors, if any, in said judgment, and that there is no equity in said bill, and that the allegations in the bill are so vague, indefinite, and uncertain, that no decree could be based thereon.

After the argument had thereon, the presiding Judge sustained the demurrer, and dismissed the bill, and that decision is the error complained of.

J. E. PARROT and MILNER & PARROT, for plaintiff in error.

WILLIAM H. DABNEY, for defendant in error.

*By the Court*—LUMPKIN, J., delivering the opinion.

This bill is filed to obtain a new trial at law. Three things are necessary to the maintenance of the bill—ignorance of the defense at the time the judgment at law was rendered; diligence on the part of the complainant; and that adequate relief can not be had at law. (Taylor vs. Sullivan, 15 Ga. Rep., 103).

This was an action of trespass, for entering upon the premises of the plaintiff and taking and carrying away, some two hundred bushels of clean wheat, besides some stacks of unthrashed wheat. The first verdict was for the plaintiff; the defendant appealed; and the jury found for the defendant. A new trial was moved for and refused. The case was brought before the Court, and the judgment of the Court below was confirmed.

The complainant bases his application upon the discovery of new testimony, which he thinks would vary the finding. The witnesses are: H. H. Moore and Wm. A. Moore, both of whom reside in South Carolina, but were residing in Gordon county, in this State, when the case was tried. One of them saw him sowing the wheat, or a part of it, and knows that he paid for the cutting of the wheat. The other was present when the wheat was measured to him, with which he planted the land.

The affidavit of these witnesses is not appended to the bill. It is said by complainant's counsel that the testimony of these witnesses has been taken, and is filed in the Clerk's office; but it has not been seen by the opposite counsel. Now, while we do not doubt the fact, it will not do for the Court to predicate its judgment upon it. Besides, the counsel may overrate its importance. This testimony is at best but cumulative. There must have been some testimony to have enabled the plaintiff to recover the first verdict. And the question, and the only question, has been, whose wheat it was? The evidence is necessarily cumulative. The bill should set out what testimony was offered on the former trial: 1st. To show that the newly discovered testimony was not cumulative; and 2d. That it would vary the verdict if let in. We think, under the circumstances, that we should not be justifiable in awarding a new trial. If the Moores were present when the seed wheat was measured to the plaintiff, and when the wheat was sown and harvested, he must have known it, and he could have subpœnaed them as witnesses, notwithstanding the want of friendly feeling between them.

Let the judgment be affirmed.